IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| YOGESH GANJAWALA and RESHMA GANJAWALA, <br><br> Plaintiffs, <br><br> v. <br><br> JITENDRA JARIWALA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. CIV-23-290-GLJ |

**OPINION AND ORDER**

This matter comes before the Court on motion by Defendant Jitendra Jariwala for partial dismissal of the Plaintiffs' Yogesh Ganjawala and Reshma Ganjawala Petition for failure to state a claim. For the reasons set forth below, the Court finds that the Defendant's Motion to Dismiss Plaintiffs' Second and Third Causes of Action [Docket No. 7] should be GRANTED, but that Plaintiffs should be granted leave to file an Amended Complaint without fourteen days.

**BACKGROUND AND PROCEDURE HISTORY**

On August 8, 2023, Plaintiffs Yogesh and Reshma Gajawala filed their state court Petition in Atoka County District Court, Case No. CJ-2023-38. Defendant removed it to this Court on September 1, 2023, pursuant to this Court's diversity jurisdiction. *See* Docket Nos. 1-2. Defendant now moves to dismiss two of Plaintiffs' three causes of action. *See* Docket No. 7. Plaintiffs initially failed to respond, but were granted leave to file a response out of time in light of counsel's problems in receiving notice through the Court's electronic

filing system which have now been remedied. *See* Docket Nos. 14, 17, 25. Plaintiffs have now responded, *see* Docket No. 28, and the matter is fully briefed.

The Plaintiffs, Oklahoma residents, allege generally in their Complaint that Defendant, an Illinois resident, breached an oral partnership agreement related to the purchase and management of a motel. *See* Docket No. 2, Ex. 1. Plaintiff Yogesh Ganjawala is related to Defendant,[1] and Plaintiffs allege that Yogesh Ganjawala and Defendant agreed to purchase this hotel as a partnership with an undivided half interest each, such that Plaintiffs and Defendant were to put in work, labor, and investment, and that the rents, profits, monies, and labor were to be shared equally. *Id.*, p. 2, ¶¶ 5-6. Plaintiffs further allege that "monies from the running of the motel have been used to payoff the mortgage held by a non-party mortgage holder," *id.*, ¶ 7, and that Plaintiffs alone have run the motel, providing materials and labor, with no participation by Defendant. *Id.*, p. 3, ¶¶ 8-10. Any further detail as to the relationships and obligations of the respective parties is unclear.

Plaintiffs' Complaint sets out the following three causes of action: (1) breach of contract, (2) unjust enrichment, and (3) accounting. Defendant has moved to dismiss the second and third causes of action. The Court agrees dismissal should be granted.

## ANALYSIS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

---

[1] It appears that Plaintiffs are spouses, while Plaintiff Yogesh Ganjawala and Defendant Jariwala are siblings, but the Petition does not make this clear.

required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-557, 570 [internal quotation marks omitted]). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although "the 12(b)(6) standard does not require that Plaintiff[s] establish a prima facie case in [their] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). This requires a determination as to "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (*quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

**Unjust Enrichment.** Defendant first contends that Plaintiffs' Second Cause of Action for Unjust Enrichment should be dismissed. Plaintiffs allege in their Petition that

Defendant was unjustly enriched when he caused them to do all the labor and work at the motel, including that he failed to make mortgage payments. *See* Docket No. 2, p. 3, ¶ 15. Defendant contends Plaintiffs have failed to state a claim because the Petition does not allege the identity of the mortgagor, and that he cannot be liable if he is not the mortgagor. Additionally, Defendant asserts that Plaintiffs failed to allege that Defendant was enriched or benefited by the monies from running the motel. The Court agrees with Defendant.

Under Oklahoma law, "[t]o recover for unjust enrichment 'there must be enrichment to another coupled with a resulting injustice.'" *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1030 (10th Cir. 2007) (quoting *Teel v. Public Serv. Co. of Okla.,* 1985 OK 112, ¶ 23, 767 P.2d 391, 398 (Okla. 1985) (superseded by statute on other grounds). Unjust enrichment generally consists of "(1) the unjust (2) retention of (3) a benefit received (4) at the expense of another." *Oklahoma Dep't of Sec. ex rel. Faught v. Blair*, 2010 OK 16, ¶ 22, 231 P.3d 645, 658, *as corrected* (Apr. 6, 2010). "'[U]njust enrichment arises not only where an expenditure by one person adds to the property of another, but also where the expenditure saves the other from expense or loss. One is not unjustly enriched, however, by retaining benefits involuntarily acquired which law and equity give him absolutely without any obligation on his part to make restitution.'" *City of Tulsa v. Bank of Oklahoma, N.A.*, 280 P.3d 314, 319 (Okla. 2011) (quoting *McBride v. Bridges*, 1950 OK 25, ¶ 8, 215 P.2d 830, 832). Here, Plaintiffs fail to allege the unjust retention of any benefit by Defendant, and the second cause of action is hereby dismissed.

Plaintiffs have requested that, should the Court grant dismissal, they be granted leave to amend any factually deficient pleading. Plaintiffs assert they are able and willing

to provide additional factual support.  Fed. R. Civ. P. 15(a)(2) provides that the "court should freely give leave when justice so requires."  Because it does not appear at this juncture that amendment would be futile, *see Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile[.]"), the Court finds that the Plaintiffs should be granted leave to file an Amended Complaint as to the Second Cause of Action.

**Accounting.**  Next, Defendant requests the third cause of action, accounting, be dismissed.  In the Petition, Plaintiffs allege that Defendant and Plaintiff Yogesh Ganjawala agreed that Defendant would collect their mother's Social Security benefits, that they were to be split equally by Defendant and Plaintiff Yogesh Ganjawala, but that the monies went exclusively to Defendant, who never used it for her maintenance, care, and upkeep, and never shared the monies with Plaintiff Yogesh Gajawala.  Additionally, Plaintiffs allege the mother lived with them and that they provided all her maintenance, care, and upkeep. *See* Docket No. 2, Ex. 1, p. 4, ¶¶ 16-19.  Defendant contends Plaintiffs have failed to allege any standing or entitlement to Social Security benefits in their mother's name.

In 2016, "the Oklahoma Court of Civil Appeals endeavored to define accounting under Oklahoma law, and ultimately reasoned that three—and possibly four—separate types of accounting exist under Oklahoma law.  The first three constitute causes of action, and include: (1) accounting at law; (2) equitable accounting; and (3) equity jurisdiction over an accounting at law. The Court also found a 'possible fourth category of equitable accounting' as 'a remedy when a plaintiff has prevailed on a theory of recovery.'" *Cell*

*Energy, LLC v. Devon Energy Prod. Co., L.P.*, 2016 WL 9408580, at *4 (D.N.M. Oct. 11, 2016) (citing *Margaret Blair Tr. v. Blair*, 2016 OK CIV APP 47, ¶¶ 17-22, 378 P.3d 65, 72). Here, it appears Plaintiffs are alleging an accounting at law, as they assert in their response a "legally protected interest" in an accounting based on an oral contract between Plaintiffs and Defendant, although it is not entirely clear, and Plaintiffs cite no case law (legal or equitable) in support of this cause of action.

To the extent Plaintiffs plead a separate *legal* claim for an accounting, the Court agrees with Defendant that Plaintiffs have failed to state a claim. "If a contract states a right to an accounting, or a fiduciary duty creates such a right, its enforcement is initially a matter of tort or contract law, and not an equitable matter. . . . A failure to account pursuant to a legal duty is pursued as a breach of duty, and is not an equitable matter at all." *Margaret Blair Tr. v. Blair*, 2016 OK CIV APP 47, ¶¶ 17-18, 378 P.3d 65, 72. Here, Plaintiffs allegation of an oral contract makes no mention of an agreement containing a right to an accounting, nor a fiduciary duty creating such a right. *See, e.g.*, *Cell Energy*, 2016 WL 9408580, at *5 ("For the Devon Subsidiaries to competently plead an accounting at law or invoke this Court's equity jurisdiction over an accounting at law, the Devon Subsidiaries must first establish that a contract 'states a right to an accounting,' or that 'a fiduciary duty creates such a right.' Here, however, neither party has pleaded a contractual right to an accounting, nor does the contract attached to Cell Energy's Complaint evince such a right.") (citing *Margaret Blair Trust*, 2016 OK CIV APP 47, ¶ 17, 378 P.3d at 72). Accordingly, Plaintiffs have not sufficiently alleged a legal right to an accounting.

"Equitable accounting, by contrast [to a legal accounting], is available 'where the plaintiff lacks a legal right to an accounting, but an accounting is the only available means to an adequate remedy.'" *CMI Roadbuilding, Inc. v. Specsys, Inc.*, 2021 WL 2189222, at *5 n.8 (W.D. Okla. May 28, 2021) (quoting *Margaret Blair Tr.*, 2016 OK CIV APP 47, ¶ 19, 378 P.3d at 73. "[A] plaintiff seeking an equitable accounting in Oklahoma must prove: '(1) a confidential relationship; (2) the defendant had control over another's property and records concerning the property; (3) after a demand for an accounting defendant did not account or return the property; and (4) there was no adequate remedy at law.'" *Cell Energy*, 2016 WL 9408580, at *6 (D.N.M. Oct. 11, 2016) (quoting *Howell Petroleum Corp. v. Leben Oil Corp.*, 976 F.2d 614, 620 (10th Cir. 1992)). In such cases, the Tenth Circuit instructs that a Plaintiff is "required to show a balance was due in order to establish a right to an accounting." *Howell Petroleum*, 976 F.2d at 620. Plaintiffs fail to meet this standard as well. It appears Plaintiffs fail to allege facts supportive of any of these factors, the most important being that they failed to allege that they have no other remedy available at law via, for instance, a claim for breach of contract. *See Margaret Blair Tr.*, 2016 OK CIV APP 47, ¶ 19, 378 P.3d at 73 (citing cases containing "the requirement that a plaintiff have no other adequate remedy before an accounting demand becomes equitable.").

Although the Court expresses doubt as to Plaintiffs' ability to supply sufficient additional allegations to support a claim for an accounting, the Court is reluctant to conclude at this juncture that amendment would be futile. Accordingly, Plaintiffs are likewise granted leave to amend as to the Third Cause of Action, Accounting.

## CONCLUSION

Consequently, IT IS ORDERED that the Defendant's Motion to Dismiss Plaintiffs' Second and Third Causes of Action [Docket No. 7] is hereby GRANTED. Plaintiffs' second (Unjust Enrichment) and third (Accounting) causes of action are hereby dismissed without prejudice. Plaintiffs are given fourteen days to file an Amended Complaint. Plaintiffs are instructed to attach as an exhibit a redline version to any Amended Complaint.

**DATED** this 23rd day of February, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**