**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| YOGESH GANJAWALA and RESHMA GANJAWALA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-23-290-GLJ |
| JITENDRA JARIWALA, | ) ) | |
| Defendant. | ) ) ) | |

**OPINION AND ORDER**

This matter comes before the Court on motion by Defendant Jitendra Jariwala for dismissal of Plaintiffs' Yogesh Ganjawala and Reshma Ganjawala Amended Complaint for failure to state a claim. For the reasons set forth below, the Court finds that the Defendant's Motion to Dismiss Plaintiffs' Amended Complaint with Brief in Support [Docket No. 38] should be GRANTED.

**BACKGROUND AND PROCEDURE HISTORY**

On August 8, 2023, Plaintiffs Yogesh and Reshma Ganjawala filed their state court Petition in Atoka County District Court, Case No. CJ-2023-38. Defendant removed it to this Court on September 1, 2023, pursuant to this Court's diversity jurisdiction. *See* Docket Nos. 1-2. Defendant moved to dismiss two of Plaintiffs' three causes of action (Count II and III). *See* Docket No. 7. The Court granted the motion to dismiss Counts II and III only, also granting Plaintiffs leave to file an Amended Complaint as to those two counts if

they so desired.[1]  *See* Docket No. 32.  Plaintiffs filed an Amended Complaint, but this Court struck it for failure to comply with the instruction to include a redline version showing the changes between the Petition and the Amended Complaint.  *See* Docket Nos. 32-34.  Plaintiffs re-filed the Amended Complaint, which again did not include a proper redline version but contained gray highlighted portions that did not distinguish between what was added and/or removed.  *See* Docket No. 35 & Ex. 1.  Notably, Plaintiffs amended Count I despite that cause of action not being subject to this Court's previous Order and further failed to enumerate the paragraphs in pages 1-3, as well as certain paragraphs in each cause of action.  *Id.*

Plaintiffs allege in the Amended Complaint that they negotiated to purchase a motel in Durant, Oklahoma in 2003 and that Defendant loaned them $45,000 as part of their down payment.  Plaintiff Yogesh[2] and Defendant, siblings, were both placed on the title as owners.  Plaintiffs assert that Defendant demanded repayment in 2008, and that they purchased an automobile for Defendant in lieu of repayment.  Docket No. 35, pp. 1-4.  Plaintiffs allege that Defendant then "demanded money" from them again, in 2010, but that they told Defendant they could not pay him.  Plaintiffs allege they ran the motel, lived there without taking a salary, and paid the mortgage off in 2023, all without Defendant's contributions.  *Id.*  Prior to filing suit, Plaintiffs demanded Defendant either work at the

---

[1] Plaintiffs' assertion that the Court "required" an Amended Complaint is incorrect.  *Compare* Docket No. 32 ("Order") (granting leave to amend the Second and Third Causes of Action) *with* Docket No. 40, p. 1 (Plaintiffs' Response) ("Plaintiffs filed an Amended Complaint as required[.]").

[2] As both Plaintiffs share a last name, the Court refers to Plaintiffs' first name for clarity.

motel to relieve them or sign a deed.  *Id.*  Plaintiffs do not allege in the Amended Complaint any purported response from Defendant with regard to this request, nor do they specify the type of deed they requested he sign.

During the same time, Plaintiff Yogesh and Defendant's mother began living with Plaintiffs in 2003.  Although she was entitled to Social Security benefits, Defendant (who apparently lived in another state) was the payee for her Social Security check.  Plaintiffs allege that the mother told them that Defendant was to keep the money unless she demanded any payouts, and that Plaintiff Yogesh and Defendant were to split the remainder upon her passing.  However, Plaintiffs allege that Defendant did not always send money when requested while she was alive and did not send them a share of the monies after she passed away in 2020.  *Id.*

Plaintiffs raise three causes of action in the Amended Complaint:  (1) declaratory action for determination of partnership, (2) unjust enrichment, and (3) accounting.  Docket No. 35.  Defendant moves to dismiss all three causes of action.  As discussed below, the Court finds Defendant's motion to dismiss should be granted.

Additionally, Defendant moves for an order striking Plaintiffs' Amended Complaint for failure to comply with Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."), and for failing to submit a proper redline version of the Amended Complaint.  Docket No. 39.  Defendant seeks a revised, or Second Amended Complaint, which complies with Rule 10(b) and has a proper redline version attached.  In response, Plaintiffs admit that they failed to enumerate the paragraphs in pages 1-3 of the Amended

Complaint, but object to dismissal for this failure on grounds of substantial justice.

Plaintiffs do not address Defendants' valid objection regarding the redline versions.

Defendant recognizes that the Motion to Strike is at odds with the pending motion to

dismiss, but explains the motions were filed close in time in order to streamline the

litigation, *i.e.,* prevent further delays at this stage of the case.  *See* Docket No. 49 (Reply

Brief).  Because the Court finds that Defendant's Motion to Dismiss should be granted in

its entirety, Defendant's Motion to Strike [Docket No. 39] is denied as moot.

Simultaneously with their response to Defendant's motion to dismiss, Plaintiffs

move to amend the Amended Complaint, again failing to submit a redline document and

instead proffering a version of the Amended Complaint in which all paragraphs, including

pages 1-3, have been numbered with all numbers highlighted in gray. *See* Docket No. 42

& Ex. 1.  Although the lack of redline version makes it somewhat unclear, it appears that

this proposed Second Amended Complaint only contains changes to the numbering of

paragraphs, and no differences to the wording.  Defendant objects to the motion to amend

to the extent it is intended to cure defects subject to the current pending motion to dismiss,

but not to an Amended Complaint in compliance with Fed. R. Civ. P. 10(b) *only in the*

*event* that any of Plaintiffs' three causes of action survive the motion to dismiss.  For the

same reason that Defendant's Motion to Strike is denied as moot, Plaintiffs' Motion to

Amend Plaintiffs' Amended Complaint [Docket No. 42] is likewise denied as moot.

## ANALYSIS

A Complaint must contain "a short and plain statement of the claim showing that

the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-557, 570 [internal quotation marks omitted]). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although "the 12(b)(6) standard does not require that Plaintiff[s] establish a prima facie case in [their] complaint, the elements of each alleged cause of action help to determine whether Plaintiff[s have] set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). This requires a determination as to "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (*quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

**Declaratory Action.**  The Court first finds that Plaintiffs' Amended Complaint containing an altered first cause of action was done so without leave of Court, as the

Original Order granting Defendant's first motion to dismiss specifically contained language granting leave to file as to the Second and Third Causes of action, but not the first. *See* Docket No. 32, pp. 5, 7-8. Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Plaintiffs here only obtained leave as to the Second and Third causes of action, and not the first, and the Court has "inherent authority to impose compliance with its lawful mandate by striking the improper amendments." *Whitehead v. Mgmt. & Training Corp.*, 2020 WL 1078739, at *2-3 (D.N.M. Mar. 6, 2020) ("By knowingly filing an Amended Complaint that significantly exceeds the scope of the Court's Order granting him leave to amend, Plaintiff has flouted Rule 15 and the Court's Order.") (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) ("[T]he court as an institution[] must and does have an inherent power to impose order, respect, decorum, silence, and *compliance with lawful mandates*.").

Plaintiffs in this case have not only filed an expanded Amended Complaint without leave of the Court, but the Amended Complaint admittedly fails to comply with Fed. R. Civ. P. 10(b). Despite noting that Plaintiffs' First Cause of Action is amended from the state court Petition without leave of Court, Defendant does not raise a substantive argument for striking it at this time, only as to form. Rather, both parties have proceeded to address the substantive issues surrounding this amended claim. Additionally, the Court notes the original Petition asked the Court to find "Defendant has no partnership interest," Docket No. 2, Ex. 1 (unnumbered paragraph), while the current Amended Complaint asks the Court "to determine the partnership held by each of them, if any." Docket No. 35, p. 4

-6-

(unnumbered paragraph). In many respects, these requests are different sides of the same argument.  Because it appears both parties have substantively briefed the legal issues surrounding all three causes of action raised in the Amended Complaint, and in the interests of judicial economy, the Court declines to strike Plaintiffs' First Cause of Action and instead addresses the merits of the arguments raised and briefed by the parties, including as to the First Cause of Action.  *See* Fed. R. Civ. P. 1 (directing courts to construe and apply the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding").  Plaintiffs and their Counsel are placed on notice that future failures of this kind may nevertheless result in pleadings being stricken.

Plaintiffs' first cause of action asks the Court to determine the partnership between Plaintiffs and Defendant.  *See* Docket No. 35, p 4.  Defendant contends this declaratory action is improperly pled and should therefore be dismissed.  In support, Defendant argues that this claim asks for improper resolution of factual claims and is an attempted "workaround" of a breach of duty or breach of contract claim, seeking the Court to resolve past factual questions, including the existence of any partnership terms and whether the partnership exists at all.  Plaintiffs assert the action is properly pled as "a declaratory action as to whether-or-not that there was simply a loan to be repaid or that there was a partnership and was the partnership breached by Defendant[.]"  Docket No. 40, p. 2.

"[A] party to a contract is not compelled to wait until he has committed an act which the other party asserts will constitute a breach, but may seek relief by declaratory judgment and have the controversy adjudicated in order that he may avoid the risk of damages or other untoward consequence."  *Keener Oil & Gas Co. v. Consol. Gas Utilities Corp.*, 190

F.2d 985, 989 (10th Cir. 1951) (citing *Delaney v. Carter Oil Co.*, 174 F.2d 314, 317 (10th

Cir. 1949) ("One of the highest offices of declaratory procedure is to remove uncertainty

and insecurity from legal relations, and thus clarify, quiet and stabilize them before

irretrievable acts have been undertaken."). "The test is whether the facts presented show

that 'there is a substantial controversy, between parties having adverse legal interests, of

sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"

*Keener*, 190 F.2d at 989 (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co. et al.*,

312 U.S. 270, 273 (1941)). "The burden of establishing the existence of an actual

controversy rests with the party seeking a declaratory judgment." *Mira Holdings, Inc. v.

ZoomerMedia, Ltd.*, 676 F. Supp. 3d 909, 917 (D. Colo. 2023) (citing *Cardinal Chem. Co.

v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993)).

Plaintiffs complain that even though Defendant's name is on the mortgages and

notes and is therefore on the title(s) to the relevant property, Defendant only paid $45,000

in contribution and Plaintiffs reimbursed Defendant for that contribution. Although there

exist scenarios where Defendant's name on the title, despite his lack of apparent

contribution, would create future problems, Plaintiffs have alleged only that Defendant did

not pay as much as they did on a mortgage signed by both Plaintiff Yogesh and Defendant.

That was true from 2003 through 2023 when the mortgage was paid off. Plaintiffs'

Amended Complaint contains allegations from Plaintiffs to Defendant about what he

needed to do if he wanted to claim a partnership interest, but contains no allegation that

Defendant took any action to claim a partnership, much less the terms of the alleged

partnership. This Court agrees with the persuasive opinion from the Southern District of

Florida that "a legal dispute over the correct interpretation of a contract is an appropriate subject for declaratory relief.  However, a factual dispute over whether a party breached a contract is not." *Cantonis Co. v. Certain Interested Underwriters at Lloyds, London*, 2019 WL 3429962, at *3 (S.D. Fla. May 9, 2019) (quotations omitted), *report and recommendation adopted*, 2019 WL 3429140 (S.D. Fla. June 10, 2019).  Plaintiffs nevertheless assert in their response that not only are they asking the Court to determine whether there was a partnership (a legal dispute over the correct interpretation of a contract), but to take the affirmative step of then determining a breach – an entirely separate claim (a factual dispute over whether a party breached a contrast).  The exact nature of any legal dispute regarding the interpretation of a contract is unclear here.  Moreover, "a case or controversy must be based on a *real* and *immediate* injury or threat of future injury that is *caused by the defendants*[.]"  *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008) ("Taking all the facts into account, Prasco has not met this threshold burden of proving an immediate and real controversy. Important to the totality of the circumstances analysis in the instant case is that which has *not* occurred.").  Plaintiff alleges no real and immediate injury or threat of future injury, and Plaintiffs allege no facts supportive of any kind of partnership, written or oral, that can be considered a legal dispute over the correct interpretation of a contract.  Plaintiffs allege they paid a mortgage to which Plaintiff Yogesh was a signatory.  Whether Defendant should have paid some or all of those amounts, or whether he should be allowed to claim an ownership interest along with Plaintiffs, is not subject to declaratory judgment as it is raised here.

The Tenth Circuit instructs courts to weigh the following two questions: "Will a declaration of rights, under the circumstances, serve to clarify or settle legal relations in issue? Will it terminate or afford relief from the uncertainty giving rise to the proceeding? If an affirmative answer can be had to both questions, the trial court should hear the case; if not, it should decline to do so." *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). Arguably, the answer to both those questions appears to be in the negative, but it is certainly negative by Plaintiffs' own admission regarding the second question. Accordingly, Plaintiffs' First Cause of Action in the Amended Complaint should be dismissed.

Notwithstanding the dismissal, the Court hereby grants Plaintiffs leave to file a Second Amended Complaint in one last attempt to plead facts sufficient to state a claim under Count 1. *But see Jefferson County School Dist. No. R–1 v. Moody's Investor's Services, Inc.,* 175 F.3d 848, 859 (10th Cir. 1999) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile[.] A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."); *see also Carrete v. New Mexico Racing Comm'n*, 2021 WL 6072581, at *7 (D.N.M. Dec. 23, 2021) ("Plaintiff's oral request for leave to amend the Complaint to assert a declaratory judgment claim under § 1983 will be denied because amendment is futile given the lack of a present dispute between the parties that a declaratory judgment would resolve.").

**Unjust Enrichment.** Defendant contends that Plaintiffs' Second Cause of Action for Unjust Enrichment should be dismissed. Plaintiffs allege in their Petition that

Defendant was unjustly enriched because he failed to make mortgage payments, did not work at the motel, and did not provide additional cash or labor past his original $45,000 contribution, but that he had a joint duty to pay the notes and mortgages on the property by executing documents with Plaintiff Yogesh in 2003. *See* Docket No. 35, pp. 4-5, ¶¶ 5-9. Defendant again contends Plaintiffs have failed to state a claim because Plaintiff Yogesh and Defendant were joint debtors, equally liable for the mortgage(s)e. Additionally, Defendant asserts that Plaintiffs failed to allege that Defendant was enriched or benefited by the monies from running the motel and that Plaintiffs' grievances arise from unidentified terms of a partnership. The Court agrees with Defendant.

As described in its previous Order, Oklahoma law states that, "[t]o recover for unjust enrichment 'there must be enrichment to another coupled with a resulting injustice.'" *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1030 (10th Cir. 2007) (quoting *Teel v. Public Serv. Co. of Okla.,* 1985 OK 112, ¶ 23, 767 P.2d 391, 398 (Okla. 1985) (superseded by statute on other grounds). Unjust enrichment generally consists of "(1) the unjust (2) retention of (3) a benefit received (4) at the expense of another." *Oklahoma Dep't of Sec. ex rel. Faught v. Blair*, 2010 OK 16, ¶ 22, 231 P.3d 645, 658, *as corrected* (Apr. 6, 2010). "'[U]njust enrichment arises not only where an expenditure by one person adds to the property of another, but also where the expenditure saves the other from expense or loss. One is not unjustly enriched, however, by retaining benefits involuntarily acquired which law and equity give him absolutely without any obligation on his part to make restitution.'" *City of Tulsa v. Bank of Oklahoma, N.A.*, 2011 OK 83, ¶ 19, 280 P.3d 314, 319 (quoting *McBride v. Bridges*, 1950 OK 25, ¶ 8, 215 P.2d 830, 832). Plaintiffs contend

-11-

that the unjust enrichment here was allowing Defendant to claim a one-half interest in a motel having made only a loan which was later repaid and receiving the benefit of Plaintiff's operation of the motel without his contribution.  Plaintiffs' Amended Complaint alleges Defendant was unjustly enriched "for his claimed partnership interest," Docket No. 35, p. 5, ¶ 7, but does not allege what partnership Defendant is claiming other than to allege that he was a co-signator of the mortgages and notes.   Instead, Defendant's unjust enrichment claim appears to seek to impose "a joint duty to pay the notes and mortgages since he was a party" to them.  *Id.* ¶ 9.  This is a claim grounded in contract, not equity.

Having been given two chances to properly allege a claim for unjust enrichment, the Court finds further amendment would be futile, and that Plaintiffs' Second Cause of Action should therefore be dismissed with prejudice.  *See Brody v. Bruner as trustee of Bruner Fam. Tr.*, 2024 WL 1912555, at *7 (10th Cir. May 1, 2024) (quoting, *inter alia Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.") and *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (quotations omitted)).

**Accounting.**   Next, Defendant requests the third cause of action, accounting, be dismissed.  In the Amended Complaint, Plaintiffs again allege that Defendant and Plaintiff Yogesh agreed that their mother with live with Plaintiffs in Oklahoma but that Defendant would collect their mother's Social Security benefits.  Plaintiffs further allege that these benefits were to be split equally by Defendant and Plaintiff Yogesh upon their mother's

death but that the monies went exclusively to Defendant, who only on a "hit or miss basis" sent money when requested, and never shared the monies with Plaintiffs. They therefore demand an accounting. Docket No. 35, pp. 3, 6-7, ¶¶ 10-16. Defendant contends Plaintiffs have failed to allege any standing or entitlement to Social Security benefits in their mother's name. Plaintiffs respond only that Defendant had a fiduciary duty to use their mother's Social Security benefits for her benefit and he did not share those proceeds as she directed, and therefore Defendant should have to account for the proceeds. Defendant further contends that any fiduciary relationship, if it existed, was between Defendant and his mother, not Defendant and Plaintiffs.

In 2016, "the Oklahoma Court of Civil Appeals endeavored to define accounting under Oklahoma law, and ultimately reasoned that three—and possibly four—separate types of accounting exist under Oklahoma law. The first three constitute causes of action, and include: (1) accounting at law; (2) equitable accounting; and (3) equity jurisdiction over an accounting at law. The Court also found a 'possible fourth category of equitable accounting' as 'a remedy when a plaintiff has prevailed on a theory of recovery.'" *Cell Energy, LLC v. Devon Energy Prod. Co., L.P.*, 2016 WL 9408580, at *4 (D.N.M. Oct. 11, 2016) (citing *Margaret Blair Tr. v. Blair*, 2016 OK CIV APP 47, ¶¶ 16-22, 378 P.3d 65, 72). Here, Plaintiffs still have not clarified the type of accounting they are seeking, but appear to allege an accounting at law, as they assert in their response a "legally protected interest" in an accounting based on an oral contract between Plaintiffs and Defendant, although it is not entirely clear, and Plaintiffs cite no case law (legal or equitable) in support of this cause of action.

To the extent Plaintiffs plead a separate *legal* claim for an accounting, the Court again agrees with Defendant that Plaintiffs fail to state a claim. "If a contract states a right to an accounting, or a fiduciary duty creates such a right, its enforcement is initially a matter of tort or contract law, and not an equitable matter. . . . A failure to account pursuant to a legal duty is pursued as a breach of duty, and is not an equitable matter at all." *Margaret Blair Tr. v. Blair*, 2016 OK CIV APP 47, ¶¶ 17-18, 378 P.3d 65, 72; *see also Mills v. Mills*, 1973 OK 74, ¶ 25, 512 P.2d 143, 149 ("It is axiomatic that an accounting action is based upon a relationship created by contract or supplied by a fiduciary relation (and thus created by law) between the parties."). Plaintiffs' allegation of an oral contract makes no mention of an agreement containing a right to an accounting, nor a fiduciary duty creating such a right *between Plaintiffs*[3] *and Defendant. See, e.g.*, *Cell Energy*, 2016 WL 9408580, at *5 ("For the Devon Subsidiaries to competently plead an accounting at law or invoke this Court's equity jurisdiction over an accounting at law, the Devon Subsidiaries must first establish that a contract 'states a right to an accounting,' or that 'a fiduciary duty creates such a right.' Here, however, neither party has pleaded a contractual right to an accounting, nor does the contract attached to Cell Energy's Complaint evince such a right.") (citing *Margaret Blair Trust*, 2016 OK CIV APP 47, ¶ 17, 378 P.3d at 72). Accordingly, Plaintiffs have not sufficiently alleged a legal right to an accounting.

As outlined in the previous Order, "[e]quitable accounting, by contrast [to a legal accounting], is available 'where the plaintiff lacks a legal right to an accounting, but an

---

[3] Although neither of the parties address it, the Court further notes that the Amended Complaint contains no allegations as to any agreement between Plaintiff Reshma Ganjawala and Defendant.

accounting is the only available means to an adequate remedy.'" *CMI Roadbuilding, Inc. v. Specsys, Inc.*, 2021 WL 2189222, at \*5 n.8 (W.D. Okla. May 28, 2021) (quoting *Margaret Blair Tr.*, 2016 OK CIV APP 47, ¶ 19, 378 P.3d at 73.  "[A] plaintiff seeking an equitable accounting in Oklahoma must prove: '(1) a confidential relationship; (2) the defendant had control over another's property and records concerning the property; (3) after a demand for an accounting defendant did not account or return the property; and (4) there was no adequate remedy at law.'" *Cell Energy*, 2016 WL 9408580, at \*6 (D.N.M. Oct. 11, 2016) (quoting *Howell Petroleum Corp. v. Leben Oil Corp.*, 976 F.2d 614, 620 (10th Cir. 1992)).  In such cases, the Tenth Circuit instructs that a Plaintiff is "required to show a balance was due in order to establish a right to an accounting." *Howell Petroleum*, 976 F.2d at 620.  Plaintiffs again fail to meet this standard.  While Plaintiffs now allege that they have no other remedy available at law, *see* Docket No. 35, p. 6, ¶ 12, there is no allegation regarding a confidential, or fiduciary, relationship. *Sellers v. Sellers*, 1967 OK 34, ¶¶ 20-22, 428 P.2d 230, 236 (equating fiduciary and confidential relationships in analysis).  The Court therefore finds further amendment of Plaintiffs' Third Cause of Action would be futile and that Plaintiffs' Third Cause of Action should therefore be dismissed with prejudice. *See Brody*, 2024 WL 1912555, at \*7.

## CONCLUSION

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss Plaintiffs' Amended Complaint with Brief in Support [Docket No. 38] is hereby GRANTED.  The Second and Third Causes of Action in Plaintiffs' Amended Complaint are hereby dismissed with prejudice.  Plaintiffs are granted leave to file a Second Amended Complaint

ONLY as to the First Cause of Action.  Any such Second Amended Complaint shall be filed within fourteen days from the date of this order and fully comply with the Federal Rules of Civil Procedure and the local rules of this Court, including, but not limited to, Fed. R. Civ. P. 8(a) and 10(b).  Plaintiffs are further instructed to attach as Exhibit 1 a *redline version* to any Second Amended Complaint, reflecting both additions and deletions.  Failure to comply with the Court's instructions as to proper submission of the Second Amended Complaint will result in any Second Amended Complaint being stricken without further notice and the case dismissed with prejudice.  No further amendments shall be granted.   Finally, Defendant's Motion to Strike [Docket No. 39] and Plaintiffs' Motion to Amend Plaintiffs' Amended Complaint [Docket No. 42] are hereby DENIED AS MOOT.

**DATED** this 3rd day of June, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**