IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| YOGESH GANJAWALA and RESHMA GANJAWALA, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) Case No. CIV-23-290-GLJ |
| JITENDRA JARIWALA, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

This matter comes before the Court on motion by Defendant Jitendra Jariwala for dismissal of Plaintiffs' Yogesh Ganjawala and Reshma Ganjawala Second Amended Complaint for failure to state a claim. For the reasons set forth below, the Court finds that the Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint [Docket No. 53] is GRANTED.

**BACKGROUND AND PROCEDURAL HISTORY**

In its previous Opinion and Order the Court set out a detailed summary of the background and procedural history of this matter. *See* Docket No. 51. In that Opinion and Order, the Court dismissed the Amended Complaint, specifically dismissing Counts II and III with prejudice. *Id*. Additionally, the Court granted Plaintiffs leave to amend in one last attempt to plead facts sufficient to state a claim under Count I. *Id*.

Although Plaintiffs filed a Second Amended Complaint, they did not add any factual allegations supporting a request for declaratory action for determination of a partnership.

*See* Docket No. 52. Instead, Plaintiffs simply deleted Counts II and III and added numbers to the remaining paragraphs. *Id*. Defendant moves to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## ANALYSIS

A Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-557, 570 [internal quotation marks omitted]). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although "the 12(b)(6) standard does not require that Plaintiff[s] establish a prima facie case in [their] complaint, the elements of each alleged cause of action help to determine whether Plaintiff[s have] set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

This requires a determination as to "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (*quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

Despite being given the opportunity to allege additional facts in support of Count I, Plaintiffs are either unwilling or unable to do so. Instead, the Second Amended Complaint simply alleges the identical facts previously alleged in the Amended Complaint, with the only difference being that they added numbers to each of the remaining previously unnumbered paragraphs as required by Fed. R. Civ. P. 10(b). *See* Docket No. 52. As a result, for the same reasons the Court dismissed Count I in the Amended Complaint in the June 3, 2024 Opinion and Order [Docket No. 51], the Second Amended Complaint is dismissed.

## CONCLUSION

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint [Docket No. 53] is hereby GRANTED.

**DATED** this 22nd day of July, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**