IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| YOGESH GANJAWALA and RESHMA GANJAWALA, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) Case No. CIV-23-290-GLJ |
| JITENDRA JARIWALA, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on motion by Defendant Jitendra Jariwala for an award of attorneys' fees. For the reasons set forth below, the Court finds that Defendant's Motion for Attorneys' Fees and Brief in Support [Docket No. 58] should be DENIED without prejudice.

**BACKGROUND AND PROCEDURAL HISTORY**

On August 8, 2023, Plaintiffs Yogesh and Reshma Ganjawala filed a Petition in Atoka County District Court, Case No. CJ-2023-38 alleging three causes of action against Defendant Jitendra Jariwala. Docket Nos. 1-2. Defendant removed this action to this Court on September 1, 2023. Docket Nos. 1-2. Thereafter, through a series of Orders, all three of Plaintiff's claims were dismissed with prejudice and a final judgment was entered in Defendant's favor on July 22, 2024, terminating the case. Docket Nos. 32, 51, & 56-57. On August 20, 2024, the Court vacated the July 22, 2024, Judgment in light of Defendant's

unresolved counterclaims. Docket No. 60. Prior to this recension, Defendant moved for an award of attorneys' fees, as the prevailing party, pursuant to 12 O.S. § 936. Docket No. 58.

## ANALYSIS

12 O.S. § 936 provides that "[i]n any civil action to recover for labor or services rendered . . . the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." 12 O.S. § 936. "Under the Oklahoma law applicable here, a prevailing party is 'the party possessing an affirmative judgment *at the conclusion of the entire case.*'" *Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 43 Fed. App'x 205, 207 (10th Cir. 2002) (quoting *GRP of Tex., Inc. v. Eateries, Inc.*, 27 P.3d 95, 98 (Okla. 2001)) (emphasis in original); *Tulsa Adjustment Bureau, Inc. v. Calnan*, 427 P.3d 1050, 1051-52 (Okla. 2018) ("While TAB's claims in this case may very well be fee-bearing under section 936, TAB cannot be labeled the 'prevailing party.' To qualify as such, the statute requires TAB to have prevailed on those fee-bearing claims, meaning that TAB must first have obtained a judgment in its favor on those claims before it could be eligible for an attorney-fee award."). Defendants' counterclaims remain outstanding, and no operative final judgment has been entered. Thus, any determination as to which party is the prevailing party, and whether attorneys' fees should be awarded to that party, would be premature at this time.[1]

---

[1] In actions presenting "more than one claim for relief—whether as a claim, counterclaim, crossclaim or third-party claim— . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay" Fed. R. Civ. P. 54(b). The Court declines to enter a partial final judgment at this time.

-3-

Accordingly, the Court DENIES Defendant's Motion for Attorneys' Fees and Brief in Support [Docket No. 58] without prejudice to refiling once a final judgment has been entered.

IT IS SO ORDERED this 9th day of September 2024.

_____
**GERALD L. JACKSON
UNITED STATES MAGISTRATE JUDGE**